

*New York Office*
*40 Rector Street, 5th Floor*
*New York, NY 10006-1738*
*T. (212) 965 2200 F. (212) 226 7592*
*www.naacpldf.org*

*Washington, D.C. Office*
*700 14th St. NW, Suite 600*
*Washington, D.C. 20005*
*T. (202) 682 1300 F. (202) 682 1312*

August 21, 2018

**VIA ECF**

The Honorable P. Kevin Castel
United States Courthouse
500 Pearl Street
New York, New York 10007

  Re: <u>NAACP Legal Defense & Educational Fund, Inc. v. U.S. Department of Justice, et al., 18 Civ. 04354 (PKC)</u>

Dear Judge Castel:

  Plaintiff, NAACP Legal Defense & Educational Fund, Inc., writes jointly with Defendant, U.S. Department of Justice (including its components the Office of Community Oriented Policing Services and the Office of Information Policy), to address the subjects delineated in the Court's Initial Pretrial Conference Order (ECF No. 11). The Initial Pretrial Conference is scheduled for August 28, 2018, at 2:15 p.m.

**I. A Brief Description of the Case**

  Plaintiff brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to obtain relief requiring Defendant to release agency records Plaintiff requested. Plaintiff requested five categories of records related to grant awards and technical assistance provided to the North Charleston Police Department in North Charleston, South Carolina through Defendant's Collaborative Reform Initiative for Technical Assistance.

  Defendant initially responded to Plaintiff's FOIA request by (a) producing responsive documents for two categories of records requested, (b) asserting it did not have documents responsive to two categories of records requested, and (c) withholding 334 pages responsive to one category of records pursuant to Exemption 5 of FOIA, 5 U.S.C. § 552(b)(5). Exemption 5 prohibits disclosure of certain inter-agency and intra-agency communications protected by the deliberative process privilege.

  Plaintiff filed an administrative appeal challenging Defendant's assertion of Exemption 5 and the adequacy of Defendant's search for records in the categories for which Defendant claimed it did not have responsive documents. In its appeal, Plaintiff noted that it was aware of at least one document that Defendant failed to disclose. Defendant did not respond to Plaintiff's administrative appeal until after Plaintiff filed the original Complaint in the instant case. In its response to the



appeal, Defendant released the document that Plaintiff had identified as undisclosed but did not disclose other documents. Defendant's response also asserted FOIA Exemption 6, which prohibits disclosure of materials for which disclosure "would constitute a clearly unwarranted invasion of the personal privacy" of third parties. 5 U.S.C. § 552(b)(6).

A.   Plaintiff's Claims:

Defendant violated FOIA by failing to make records available. Exemption 5 is not applicable to the 334 withheld pages in their entirety because at least some of the documents (or portions thereof) are purely factual in nature and therefore not deliberative. Moreover, the deliberative process privilege is inapplicable more broadly because there is no risk of harm posed to future deliberation, as Defendant has ended the program to which Plaintiff's FOIA request pertains. Exemption 6 is not applicable because at least some of the responsive documents should not implicate third-party privacy interests at all. Further, even if there is a privacy interest implicated, the public's interest outweighs the privacy interest and any personal information for which the threat of privacy invasion is real can be redacted to avoid the invasion.

Defendant violated FOIA by failing to make reasonable efforts to search for all documents responsive to Plaintiff's FOIA request.

Defendant violated FOIA by failing to timely respond to Plaintiff's appeal. Defendant did not sufficiently respond to Plaintiff's appeal within the requisite 20 days under 5 U.S.C. § 552(a)(6)(A)(ii).

B.   Defendant's Defenses:

Defendant's search for documents in response to Plaintiff's FOIA request was adequate, and Defendant has produced to Plaintiff all documents responsive to the request that are not subject to one of the exemptions to disclosure under FOIA. Defendant has properly withheld 334 pages of documents responsive to Plaintiff's request for communications between Defendant and its consultants under 5 U.S.C. § 552(b)(5) as the documents consist of inter-agency and intra-agency draft documents and communications subject to the deliberative process privilege and do not contain any segregable factual information. Defendant has also properly withheld under 5 U.S.C. § 552(b)(6) information about individuals that would constitute a clearly unwarranted invasion of personal privacy.



## II.  Contemplated Motions

There are no imminently contemplated motions as the parties continue to discuss whether the case can be resolved without motion practice.  If the parties are unable to reach a resolution, the parties expect to seek leave from the Court to submit a proposed schedule for cross-motions for summary judgment.

## III.  Prospect for Settlement

The parties are continuing to confer to determine if the case can be resolved without motion practice.

Because Plaintiff brings this action under FOIA, the parties understand Local Civil Rule 16.1 to exempt this case from the mandatory scheduling order requirement contained in Fed. R. Civ. P. 16(b).  Accordingly, the parties respectfully request that they be relieved of their obligation to submit a copy of the Court's Civil Case Management Plan and Scheduling Order, which we understand to be designed to fulfill Rule 16(b)'s requirement.  Moreover, in the parties' views, no such scheduling order is necessary because the parties expect that this case, like most FOIA cases, will be resolved through settlement or on cross-motions for summary judgment without the need for discovery. *See Wood v. FBI*, 432 F.3d 78, 84-85 (2d Cir. 2005).

Thank you for your attention to this matter.

<br>

Respectfully submitted,

/s/ Kristen A. Johnson
Sherrilyn A. Ifill
Bar No. SI8699
   *President and Director-Counsel*
Samuel Spital
Bar No. SS4839
Jin Hee Lee
Bar No. JL4912
Kristen A. Johnson
Bar No. KJ1125
   *Counsel of Record*
NAACP LEGAL DEFENSE &
   EDUCATIONAL FUND, INC.



    40 Rector Street, 5th Floor
    New York , NY 10006
    Tel: (212) 965-2200
    Fax: (212) 226-7592
    kjohnson@naacpldf.org

    *Counsel for Plaintiff*

    /s/ Christine S. Poscablo (with permission)
    Christine S. Poscablo
    Assistant United States Attorney
    Southern District of New York
    86 Chambers Street
    New York, NY 10007
    Tel: (212) 637-2674
    christine.poscablo@usdoj.gov

    /s/ Garrett Coyle (with permission)
    Garrett Coyle
    U.S. Department of Justice
    Federal Programs Branch
    P.O. Box 883
    Washington, D.C. 20044
    Tel: (202) 514-5302
    garrett.coyle@usdoj.gov

    *Counsel for Defendant*

Cc:    All counsel of record (via ECF)